UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

-------------------------------------------------------------X

OMAR VAZQUEZ and STACEY VAZQUEZ,

                    Plaintiffs,

       -against-

VINCENT J. ZOLLO and ROSEMARY ZOLLO,

                    Defendants,

-------------------------------------------------------------X

No.: 16-CU-8383

**VERIFIED COMPLAINT**

PLAINTIFF DEMANDS A
TRIAL BY JURY

        Plaintiffs, by their attorneys, BUCKVAR AND BUCKVAR, Attorneys at Law, complaining of the defendants herein, respectfully show to this court and allege, upon information and belief, as follows:

## PRELIMINARY STATEMENT

1.      This is an action for monetary relief for personal injuries and loss of services sustained as a result of a motor vehicle accident occurring in the State of New York.

## JURISDICTION AND VENUE

2.    At all the times mentioned herein, plaintiffs OMAR VAZQUEZ and STACEY VAZQUEZ were and still are domiciled in the State of New Jersey, and is a citizen of that state.

3.    That at all the times mentioned herein, the defendant, VINCENT J. ZOLLO was and still is domiciled in the County of Nassau, State of New York, and is a citizen of that state.

4.    That at all the times mentioned herein, the defendant, ROSEMARY ZOLLO was and still is domiciled in the County of Nassau, State of New York, and is a citizen of that state.

5.    That the amount in controversy exceeds the sum of $75,000.00 exclusive of interests and costs.

6.     That this Court has jurisdiction over this matter pursuant to 28 U.S.C. 1332 and the rules of pendent jurisdiction, because of diversity of citizenship of the parties.

7.     Venue is proper in the United States District Court for the Southern District of New York since the incident occurred in the County of New York, City and State of New York, a substantial part of the acts and omissions that gave rise to the complaint occurred in New York County, and this is the most convenient place for the trial of this action.

### AS AND FOR PLAINTIFF OMAR VAZQUEZ'S FIRST CAUSE OF ACTION

8.     On or about August 25, 2015, and at all times herein mentioned, the Defendant ROSEMARY ZOLLO owned a 2012 Chrysler  motor vehicle bearing New York State plate number FSL5701.

9.     On or about August 25, 2015, and at all times herein mentioned, the Defendant VINCENT J. ZOLLO operated, managed, maintained and controlled a 2012 Chrysler, bearing New York State license plate number FSL5701, New York, with the permission and consent of the owner, express or implied.

10.     On or about August 25, 2015, East 34th Street and its intersection with Madison Avenue, in the County of New York , State of New York, was  and is a public thoroughfare used by members of the general public and others.

11.     On or about August 25, 2015, Plaintiff, OMAR VAZQUEZ, was a pedestrian at the location of the subject accident, East 34th Street and its intersection with Madison Avenue, in the County of New York, State of New York.

12.     On or about August 25, 2015, Defendant, VINCENT J. ZOLLO, was operating a 2015 Lexus vehicle on East 34th Street and its intersection with Madison Avenue, in the County of

New York, State of New York, when he proceeded to travel east on East 34th Street, and struck Plaintiff, OMAR VAZQUEZ.

13.    On or about August 25, 2015, the motor vehicle owned by defendant ROSEMARY ZOLLO and operated by Defendant VINCENT J. ZOLLO came into contact with the Plaintiff, OMAR VAZQUEZ.

14.    That as a result of the aforesaid contact, Plaintiff OMAR VAZQUEZ was injured.

15.    On or about August 25, 2015, the motor vehicle owned by defendant ROSEMARY ZOLLO and operated by Defendant VINCENT J. ZOLLO did proceed through the intersection at the aforesaid location without waiting until he could do so with reasonable safety, causing their vehicle to come into contact, collide with and strike the plaintiff.

16.    That the aforesaid occurrence was caused wholly and solely by reason of the negligence of the Defendants VINCENT J. ZOLLO and ROSEMARY ZOLLO without any fault or negligence on the part of the Plaintiff contributing thereto.

17.    The negligence of the Defendants VICENT J. ZOLLO and ROSEMARY ZOLLO consisted in that they were negligent and careless in the want of due care and caution in the ownership, operation, management, maintenance and control of his motor vehicle; in failing to have competent and reasonable control of their motor vehicle; in operating and driving the  aforesaid vehicle at a dangerous, excessive and unlawful rate of speed in violation of the existing laws, statutes and regulations of the City and State of New York and/or in driving their motor vehicle at a greater rate of speed than prudence and caution would permit under the highway and traffic conditions then and there existing to the knowledge of the defendants; in that the defendants did fail to heed and obey traffic lights, traffic signals and/or traffic signs; in that the defendant, VINCENT J. ZOLLO did observe plaintiff  lawfully upon the intersection/crosswalk, with the right of way, with

the traffic light in favor of the plaintiff, and, nevertheless, defendant did permit and allow his vehicle to come into contact, collide with and strike plaintiff, **OMAR VAQUEZ**; in that the defendant VINCENT J. ZOLLO proceeding through an intersection without waiting until he could do so with reasonable safety; in failing to sound his horn; in failing to yield the right of way; in observing the plaintiff lawfully and properly upon the intersection, in clear view, with the right of way, with the traffic light in favor of the plaintiff, but, nevertheless, defendant did permit and allow his vehicle to come into contact, collide with and strike plaintiff; in operating defendants' motor vehicle in such a manner as failing to make timely and careful use and application of the brakes, braking mechanism, steering mechanism and devices of her vehicle; in operating and driving defendant's motor vehicle in an inattentive and unalert manner; in failing to keep his vehicle so equipped and in such a state of repair so as to prevent the contingency herein; in failing to keep his attention before him; in failing to keep a proper lookout; in failing to take any precautions for the avoidance of said accident; and in violating the existing laws, statutes and regulations of the City and State of New York.

18.    That as a result of the aforesaid contact, Plaintiff **OMAR VAZQUEZ** sustained severe and permanent personal injuries.

19.    Said injuries are permanent in nature and duration, and were caused, precipitated, aggravated and/or exacerbated by the occurrence herein.  That to the extent the above injuries, conditions and/or diagnoses were latent and inactive, and as a result of this accident, were activated accelerated and exacerbated.

20.    That the plaintiff, has sustained a serious injury as defined by Section 5102 of the Insurance Law, in that the plaintiff has sustained a fracture; and/or significant disfigurement; and/or permanent loss of use of a body organ, member, function or system; and/or significant limitation of

use of a body function or system; and/or permanent consequential limitation of use of a body organ or member; and/or medically determined injury or impairment which prevents said person from performing substantially all of the material acts which constitute such person's usual and customary daily activities for not less than ninety (90) days during the one hundred eighty (180) days immediately following the accident.

21.     That the plaintiff, **OMAR VAZQUEZ,** sustained serious injuries and economic loss greater than basic economic loss as defined by §5104 of the Insurance Law of the State of New York.

22.     Plaintiff   has complied with the Insurance Law of the State of New York, in that he has sustained serious personal injuries that are permanent and lasting in their nature and character, and that his injuries are, but not limited to, significant disfigurement, a fracture and/or a permanent loss of use of a body organ, member, function or system, and/or significant limitation of use of a body function or system, and/or permanent consequential limitation of use of a body organ or member, and/or medically determined injury or impairment which prevents said person from performing substantially all of the material acts which constitute such person's usual and customary daily activities for not less than ninety (90) days during the one hundred eighty (180) days immediately following the accident.

23.     That this action falls within one or more of the exceptions to Section 1602 of the CPLR.

24.     Plaintiff demands a trial by jury of all issues in this action.

25.      That as a result of the aforesaid accident, the plaintiff was caused to and did suffer serious personal injuries to divers parts of her body and limbs, causing her to become sick, sore, lame and disabled for a long period of time and he suffered personal injuries to her mind and body,

requiring her to obtain hospital and medical treatment for said injuries and upon information and belief, the injuries sustained by the plaintiff are permanent in their nature and character and as such, the plaintiff has been damaged in the amount of $1,000,000.00 (one million dollars).

**WHEREFORE**, the plaintiff, OMAR VAZQUEZ, demands judgment in the amount of $1,000,000.00 (one million dollars).

## AS AND FOR A SECOND CAUSE OF ACTION
## ON BEHALF OF STACEY VAZQUEZ FOR LOSS OF SERVICES

26.    This plaintiff STACEY VAZQUEZ repeats, reiterates and realleges each and every allegation set forth in paragraphs "1" through "27" with the same force and effect as if same were more fully set forth herein at length.

27.    This plaintiff STACEY VAZQUEZ is the wife of plaintiff OMAR VAQUEZ and, as such, is entitled to his services, society, companionship and consortium.

28.    As a result of the negligence of the defendants, this plaintiff STACEY VAZQUEZ was deprived of the services, society, companionship and consortium of her husband. Plaintiff STACEY VAZQUEZ, was required to expend monies for hospitalization and medical treatment to cure her husband of the serious injuries sustained, and will in the future be further so deprived to incur additional special damages and as such, this plaintiff has been damaged in an amount in excess of the jurisdictional limits of all courts lower than the Supreme Court which would otherwise have jurisdiction of this action, together with the costs and disbursements of this action.

29.    Plaintiff demands a trial by jury of all factual issues in this action.

**WHEREFORE**, the plaintiffs, STACEY VAZQUEZ, demands judgment against the defendants in the amount of $100,00.00 (one hundred thousand dollars).

Dated:  New York, New York
            October 27, 2016

6

Certified by:

Yours, etc.,

By: Eric Buckvar, Esq.

BUCKVAR & BUCKVAR
Attorneys at Law
Attorney for Plaintiffs
OMAR VAZQUEZ and
 STACEY VAZQUEZ
11 Broadway, Suite 1054
New York, NY  10004
(212) 962-2173

## ATTORNEY VERIFICATION

**STATE OF NEW YORK  }**

**COUNTY OF NEW YORK}**

      I, the undersigned, an attorney admitted to practice in the courts of New York State, say that I am the attorney of record for Plaintiffs **OMAR VAZQUEZ and STACEY VAZQUEZ.**  I have read the foregoing **COMPLAINT** and know the contents thereof, the same is true to my own knowledge, except as to the matters therein alleged to be on information and belief, and as to those matters I believe to be true.  The reason this verification is made by me and not by plaintiff is because plaintiffs reside in a different county other than where I maintain my office.

Dated: New York, New York
       October 27, 2016

                                ERIC BUCKVAR, ESQ.