USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: 5/10/2018

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**
-----------------------------------------------------------------X

**OMAR VAZQUEZ, et al.,**

                        **Plaintiffs,**                        **16-CV-8383 (SN)**

         -against-                                  **OPINION AND ORDER**

**VINCENT J. ZOLLO, et al.,**

                        **Defendants.**

-----------------------------------------------------------------X

**SARAH NETBURN, United States Magistrate Judge**:

Plaintiffs Omar Vazquez and Stacey Vazquez commenced this action on October 27, 2016, alleging that the defendants' negligence caused physical injury and economic loss to Omar Vazquez and loss of consortium to Stacey Vazquez. Defendants Vincent J. Zollo and Rosemary Zollo move for summary judgment as to their liability.

## SUMMARY JUDGMENT PROCEDURE

As a threshold matter, the plaintiffs argue that the defendants' motion should be summarily denied because they failed to submit a statement of facts pursuant to Local Rule of Civil Procedure 56.1. The rule in relevant part provides that motions for summary judgment must be accompanied by "a separate, short and concise statement, in numbered paragraphs, of the material facts as to which the moving party contends there is no genuine issue to be tried." Local R. Civ. P. 56.1(a). "Each statement by the movant . . . must be followed by citation to evidence which would be admissible." Local R. Civ. P. 56.1(d). "The requirement is strict; failure to submit a Rule 56.1 statement with a motion for summary judgment may result in the motion's denial." T.Y. v. New York City Dep't of Educ., 584 F.3d 412, 417 (2d Cir. 2009). The Court,

however, "has broad discretion to determine whether to overlook a party's failure to comply with local court rules." Holtz v. Rockefeller & Co., 258 F.3d 62, 73 (2d Cir. 2001).

The primary deficiency in the defendants' statement of facts is that they fail to separate each statement into a numbered paragraph. Each stated fact, however, is supported by a citation to the record. This structure made it difficult for the plaintiffs to organize their response. To the extent that it is unclear whether the plaintiffs responded to one of the defendants' stated facts, the Court will read the record before it in the light most favorable to the plaintiffs, but declines to deny the defendants' motion for this error alone.

**BACKGROUND**

The following facts are undisputed unless otherwise noted. On August 25, 2015, Vincent Zollo was traveling in a car heading eastbound on 34th Street in Manhattan away from Fifth Avenue toward Madison Avenue. Zollo Dep. 7. At the time, Mr. Zollo was speaking on the phone using a hands-free device. Zollo Dep. 12-13. Mr. Zollo stated at deposition that he entered the left turn lane and proceeded at around 15 miles per hour past the two lanes of stopped cars in the two lanes to his right. Zollo Dep. 19-20. A witness, Anthony Santos, saw the situation differently: he testified at deposition that Mr. Zollo never entered the left turn lane and was traveling at 25 miles per hour. Santos Dep. 24-25, 27.

While Mr. Zollo was approaching the intersection of 34th Street and Madison Avenue, Omar Vazquez crossed 34th Street on foot on his way back to work from picking up lunch. Vazquez Dep. 38, 42. A walk sign indicated that pedestrians could cross the street in that direction. Vazquez Dep. 58-61. Before crossing, Mr. Vazquez looked both ways. Vazquez Dep. 54, 56. He then crossed the street outside of the crosswalk. Vazquez Dep. 53-54, 58. While Mr. Vazquez was in the street, Mr. Zollo's car came into contact with Mr. Vazquez's hands and

possibly his foot. Vazquez Dep. 36-37, 54-55. Mr. Vazquez claims that Mr. Zollo struck him, while Mr. Zollo contends that Mr. Vazquez walked or ran into his car. Compare Vazquez Dep. 64, with Zollo Dep. 23-24, 27. The witness, Santos, testified at deposition that Mr. Vazquez ran into the car. Santos Dep. 36-37. Before the accident, Mr. Zollo may have honked. Zollo Dep. 24.

There were no mechanical problems with Mr. Zollo's car, which was owned by his wife, defendant and insurance policyholder Rosemary Zollo. Zollo Dep. 7-8.

## LEGAL STANDARDS

**I.**     **Summary Judgment**

Under Federal Rule of Civil Procedure 56, the Court "shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a); see Celotex Corp. v. Catrett, 477 U.S. 317, 322–23 (1986). The moving party must show that "under the governing law, there can be but one reasonable conclusion as to the verdict." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 250 (1986). The moving party bears the initial burden of establishing that there are no material facts in dispute and must provide "affirmative evidence" from which a factfinder could return a verdict in its favor. Id. at 257. Then "the burden shifts to the nonmovant to point to record evidence creating a genuine issue of material fact." Salahuddin v. Goord, 467 F.3d 263, 273 (2d Cir. 2006). "[T]he trial court's task at the summary judgment motion stage of the litigation is carefully limited to discerning whether there are any genuine issues of material fact to be tried, not deciding them. Its duty, in short, is confined at this point to issue-finding; it does not extend to issue-resolution." Gallo v. Prudential Residential Servs., LP, 22 F.3d 1219, 1224 (2d Cir. 1994).

In determining whether summary judgment is appropriate, the Court must resolve all ambiguities and draw all reasonable inferences in the light most favorable to the non-moving party. See Scott v. Harris, 550 U.S. 372, 378 (2007). Summary judgment is improper if "there is any evidence in the record from any source from which a reasonable inference could be drawn in favor of the nonmoving party." Chambers v. TRM Copy Ctrs. Corp., 43 F.3d 29, 37 (2d Cir. 1994). To create a disputed fact sufficient to deny summary judgment, the non-moving party must point to evidence in the record and "may not rely simply on conclusory statements or on contentions that the affidavits supporting the motion are not credible." Ying Jing Gan v. City of New York, 996 F.2d 522, 532 (2d Cir. 1993). Instead, the response "must set forth specific facts demonstrating that there is a genuine issue for trial." Wright v. Goord, 554 F.3d 255, 266 (2d Cir. 2009) (citation and internal quotation marks omitted).

"[S]ummary judgment is highly unusual in a negligence action where the assessment of reasonableness generally is a factual question to be addressed by the jury." King v. Crossland Sav. Bank, 111 F.3d 251, 259 (2d Cir. 1997). "Nevertheless, 'the mere fact that a case involves a claim of negligence does not preclude a granting of summary judgment.'" Maizous v. Garraffa, No. 00-CIV-4895, 2002 WL 1471556, at *3 (E.D.N.Y. April 30, 2002) (quoting Cumminsky v. Chandris, S.A., 719 F. Supp. 1183, 1186 (S.D.N.Y. 1989)).

**II.    Negligence**

This action is before the Court on diversity jurisdiction, which means state substantive law controls. DeWeerth v. Baldinger, 38 F.3d 1266, 1272 (2d Cir. 1994). Because the accident happened in New York, its law governs. Under New York law, a plaintiff seeking to prove negligence "must demonstrate the existence of a duty, the breach of which may be considered the proximate cause of the damages suffered by the injured party." Becker v. Schwartz, 46 N.Y.2d

401, 410 (1978). "[A] violation of an applicable '[s]tate statute that imposes a specific duty constitutes negligence per se.'" Allison v. Rite Aid Corp., 812 F. Supp. 2d 565, 568 (S.D.N.Y. 2011) (quoting Elliott v. City of New York, 95 N.Y.2d 730, 734 (2001)); see also Martin v. Herzog, 228 N.Y. 164, 168 (1920) (Cardozo, J.) ("We think the unexcused omission of the statutory signals is more than some evidence of negligence. It is negligence in itself."). In the context of a traffic accident, pedestrians and drivers must meet both statutory and common-law duties of care.

"[A] pedestrian [] has a duty to avoid acting in a manner that could lead to a collision." Khan v. Associated Deliveries, Inc., No. 05-CIV-2273 (SJ), 2007 WL 2246092, at *5 (E.D.N.Y. July 31, 2007) (collecting cases and statutes). This includes a duty to remain observant and look both ways before crossing. Thoma v. Ronai, 189 A.D.2d 635, 636, aff'd, 82 N.Y.2d 736 (1st Dep't 1993) ("A wayfarer is not at liberty to close his eyes in crossing a city street. His duty is to use his eyes, and thus protect himself from danger"). "A pedestrian who crosses a road other than within a crosswalk" has the duty to "yield the right of way to all vehicles upon the roadway." Kane v. United States, 189 F. Supp. 2d 40, 52 (S.D.N.Y. 2002) (quoting N.Y. Veh. & Traf. Law § 1152(a)). "Thus, a pedestrian who crosses a street at a place where there is no regular crossing may be chargeable with some additional vigilance because it is not a place set aside for the crossing of foot passengers, although even at such a place drivers are required to be watchful and careful." Perez v. United States, No. 91-CIV-5428 (BN), 1993 WL 149055, at *2 (S.D.N.Y. May 5, 1993).

"A driver of a vehicle has a duty to 'exercise due care to avoid colliding with any . . . pedestrian . . . upon any roadway and shall give warning by sounding the horn when necessary.'" Kane, 189 F. Supp. 2d at 52 (quoting N.Y. Veh. & Traf. Law § 1146). "Due care is that care

which is exercised by reasonably prudent drivers." Russell v. Adduci, 140 A.D.2d 844, 845-46 (3d Dep't 1988). Further, "[u]nder New York Vehicle and Traffic Law Section 1128(a), a vehicle should not switch lanes 'until the driver has first ascertained that such movement can be made with safety.'" Marrero v. Air Brook Limousine, No. 13-CIV-2791 (CM), 2014 WL 1623706, at *3 (S.D.N.Y. Apr. 23, 2014) (quoting N.Y. Veh. & Traf. Law § 1128(a)). New York drivers are prohibited by statute from "using a mobile telephone to engage in a call while such vehicle is in motion . . . [except for] the use of a hands-free mobile telephone." N.Y. Veh. & Traf. Law § 1225-c. Thus while use of a hands-free cellphone does not violate the statute, and so is therefore not negligent per se, it may still be evidence of negligent behavior. Morano v. Slattery Skanska, Inc., 18 Misc. 3d 464, 474 (Queens Cnty. Sup. Ct. 2007) ("[E]ven the use of a 'hands-free mobile telephone' to engage in a call while operating a motor vehicle, may contribute to causing an accident, and would be relevant to the issue of negligence.").

## DISCUSSION

The Zollos argue that summary judgment is appropriate because Mr. Vazquez's decision to cross the street outside the crosswalk in violation of New York Vehicle and Traffic Law Section 1152(a) meant that he was per se negligent. Mr. Vazquez does not dispute that he crossed outside the crosswalk, but claims that Mr. Zollo's allegedly negligent conduct—his failure to see Vazquez, the honk (or absence thereof), the lane change, the use of a cellphone—also contributed to the accident. These allegations all remain factually contested. It is unclear from the record whether Mr. Zollo honked, whether he switched lanes, to what extent his cellphone conversation distracted him, or to what degree he was paying attention generally. Further, it is also disputed how rapidly or abruptly Mr. Vazquez crossed the road. Ultimately, the

6

outcome of this case will turn on the credibility of the testimony of the parties and the non-party witness, who all describe the accident differently.

His own conduct notwithstanding, however, Mr. Zollo argues that Mr. Vazquez's alleged negligence bars a determination of liability. But New York recognizes comparative negligence, not contributory negligence, meaning "liability is split between plaintiffs and defendants based on the relative culpability and causal significance of their conduct." Integrated Waste Servs., Inc. v. Akzo Nobel Salt, Inc., 113 F.3d 296, 300 (2d Cir. 1997). Determination of the degree to which each party may be comparatively negligent is therefore a question of triable fact that precludes summary judgment. Rios v. Nicoletta, 500 N.Y.S.2d 730, 731 (2nd Dep't 1986) ("[T]he question of comparative negligence which may exist between the parties must be resolved prior to the assessment of damages and, therefore, restricts the plaintiffs' right to summary judgment on the issue of liability."). This is especially appropriate because it is unclear whether Mr. Vazquez's decision to walk outside the crosswalk proximately caused the accident or if there was an intervening event. Hain v. Jamison, 28 N.Y.3d 524, 528 (2016) ("It is well settled that evidence of negligence is not enough by itself to establish liability for it also must be proved that the negligence was a proximate, or legal, cause of the event that produced the harm.") (internal quotation marks and formatting removed).

The Zollos' motion for summary judgment is DENIED.

## CONCLUSION

The Clerk of the Court is respectfully requested to terminate the motion at ECF No. 23.

The parties are ORDERED to appear for a conference to set a date for trial. The conference will be held on Friday, May 18, 2018, at 2:00 p.m. in Courtroom 219, Thurgood Marshall Courthouse, 40 Foley Square, New York, New York.

**SO ORDERED.**

_____
SARAH NETBURN
United States Magistrate Judge

DATED: May 10, 2018
New York, New York